**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amal Daniel,            ) | No. CV-10-0179-PHX-GMS |
| )  | |
| Plaintiff,   ) | **ORDER** |
| )  | |
| vs.              ) | |
| )  | |
| DFS Services, LLC,      ) | |
| )  | |
| Defendant.   ) | |
| )  | |

Pending before the Court is Plaintiff's Motion to Amend a Judgment, which the Court construes as a Motion for Reconsideration. (Doc. 49). For the reasons stated herein, the Court denies Plaintiff's Motion.

## BACKGROUND

As set forth in this Court's February 1, 2011 Order, Plaintiff worked for Defendant as a Loss Prevention Account Manager from January 2003 to January 2009 when she was terminated for "inappropriate conduct and policy violations." (Doc. 29, Ex. 3, 17, 21). The record shows that throughout Plaintiff's term at DFS Services, LLC ("DFS"), she received multiple warnings, most of which stemmed from her violation of various DFS policies. The Court's Order set out in some detail the various warnings and reprimands Daniel received during her last eighteen months at DFS.

Several months after Plaintiff was terminated, she filed two Charges of

Discrimination, both alleging the same facts, with the Arizona Attorney General's Office, and the Equal Employment Opportunity Commission. (Doc. 1, Ex. 1; Doc. 29, Ex. 24). Plaintiff then filed a Complaint, alleging discrimination based on Plaintiff's race and national origin in violation of Title VII of the Civil Rights Act. (Doc. 1, Ex. 1). Defendant filed a Motion for Summary Judgment (Doc. 28), which the Court granted, (Doc. 47).

## LEGAL STANDARD

Plaintiff has filed what is essentially a Motion for Reconsideration of the Court's Order granting Defendant summary judgment. Plaintiff moves for an amended judgment under Federal Rules of Civil Procedure 59(b)[1] and 60(b), without offering any specific argument as to why she is entitled to relief under those rules. A motion to alter or amend a judgment must be made within 28 days of the entry of judgment. FED. R. CIV. P. 59(e). Plaintiff's motion was timely under Rule 59(e), and therefore will be considered under that rule, as opposed to rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ( "a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is [timely] filed" (internal quotation marks omitted)).

The granting of a motion for reconsideration "is an extraordinary remedy which should be used sparingly." 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Such a motion "'may not be used to relitigate old matters, or to raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1). "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already

---

[1] Plaintiff's Motion states the following: "A motion to alter or amend a judgment under **Rule 60(b)** and under New trial under **Rule 59(b)** of the **Federal Rules of Civil** (sic)." Plaintiff's case was terminated by an order granting summary judgment, and therefore, the Court construes Plaintiff's request to "alter or amend" the Court's Order as a motion for reconsideration under Rule 59(e) rather than 59(b) of the Federal Rules of Civil Procedure.

1 thought through – rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Id.* (citing *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

## DISCUSSION

Plaintiff's Motion for Reconsideration fails to present proper grounds upon which the Court can reconsider its Order. A motion for reconsideration under Rule 59(e) is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005). Plaintiff's Motion merely describes the same incidents – either verbatim or minimally altered – that she presented in her Response to Defendant's Motion for Summary. (Doc. 31). In deciding Defendant's Motion, the Court fully considered the arguments and facts presented, and it will not now reconsider those facts.

Further, under the guise of offering new facts, Plaintiff offers additional details that were contained within the exhibits attached to her Response to Defendant's Motion.[2] The facts Plaintiff now offers were fully available to her at the time of her Response, as they were attached to that very document. However, Plaintiff failed to specifically reference in her Response those portions of the record she now presents for reconsideration.[3] Because these facts are not "newly discovered" as contemplated by Rule 59(e), the Court will not now consider them.

---

[2] Plaintiff references two events, Exhibits 100 and 109, that were not specifically mentioned in her Response to Defendant's Motion for Summary Judgment. However, these exhibits were included as attachments to her Response. (Doc. 31, Ex. 100, 109).

[3] "Although [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

1 | The Court fully considered Defendant's Motion for Summary Judgment, the arguments raised therein, and Plaintiff's Response to that Motion. Because the Court deems its disposition of Defendant's Motion to be proper, and because Plaintiff does not present any argument justifying reconsideration of this matter, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend a Judgment (Doc. 49) is **DENIED**.

DATED this 15th day of April, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge